Chen v. Barr

BIA
Christensen, IJ
A206 072 210

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        RAYMOND J. LOHIER, JR.,
        RICHARD J. SULLIVAN,
                *Circuit Judges.*

_____

YI CHEN,
        *Petitioner,*

        v.                                      17-4108
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel, Judith
                         R. O'Sullivan, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Chen, a native and citizen of the People's Republic of China, seeks review of a November 27, 2017, decision of the BIA affirming a March 6, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Chen,* No. A206 072 210 (B.I.A. Nov. 27, 2017), *aff'g* No. A206 072 210 (Immig. Ct. N.Y. City Mar. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's

2

. . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Chen was not credible as to his claim that police officers detained and beat him on account of his practice of Christianity or that he feared future persecution because he was a practicing Christian in the United States.

The IJ found that Chen's demeanor detracted from his credibility because he paused numerous times when answering even basic questions and sometimes did not answer at all. The IJ may base a credibility determination on the "demeanor, candor, or responsiveness" of the applicant. 8 U.S.C. § 1158(b)(1)(B)(iii). The record supports the IJ's finding. Chen failed to respond or had lengthy pauses in answering

3

basic questions, such as whether the police stated why they were raiding his unregistered church in China and how long he had attended his church in the United States. We defer to the IJ's findings based on his observation of Chen's demeanor, *see Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), particularly where, as discussed below, the findings are supported by inconsistencies, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

The agency reasonably relied on Chen's inconsistent statements about being required to report to the police in China and his internally inconsistent testimony about his church attendance in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Chen's application and his wife's letter stated, without more, that he was under "police surveillance." Chen then testified that he was required to report to the police once or twice every week. Although Chen argues that the two descriptions refer to the same facts, the IJ reasonably concluded that the reporting requirement was a significant fact that Chen would be expected to include in the

4

application. *See Hong Fei Gao*, 891 F.3d at 78–79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *see also Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (holding that while "applicants are not required to list every incident" in an application, the agency does not err in relying on differing descriptions).

Chen was also inconsistent about his church attendance in the United States, first testifying that he regularly attends church on Sundays, then stating it was on Mondays, and offering no explanation for the inconsistency. Although Chen argues that this inconsistency is immaterial, an IJ may rely on even tangential inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible." (emphasis in original)).

Having questioned Chen's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

5

general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Chen did not corroborate his attendance of church in China or in the United States. His unsupported assertions that no one would testify or provide letters from either of his churches is insufficient to compel a reasonable fact-finder to conclude "that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). And though he argues that the IJ did not consider his explanations, the IJ did refer to them, but did not find them reasonable. The IJ was not compelled to credit the explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted and emphasis in original)).

Accordingly, given the IJ's consideration of Chen's demeanor, the discrepancies within Chen's statements and with the letter from his wife, and the lack of corroboration of his practice of Christianity, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7